CLARENCE H. BROLEY *et al. vs.* SUPERIOR COURT.

JUNE 20, 1919.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Stearns, and Rathbun, JJ.

(1) *Certiorari. Auditors. Review. Exclusive Jurisdiction of Superior Court.*

Where parties have by agreement under the provisions of Gen. Laws, cap. 293, referred a cause to an auditor, the decision of the Superior Court on his report is *final*, and not subject to review *by any means.*

CERTIORARI. Heard on petition for writ and denied.

PARKHURST, C. J.    This is a petition for a writ of *certiorari*, to order the certification of the record in a certain cause, now pending in the Superior Court, Providence County,— to the end that said record, or as much thereof as is illegal, may be quashed.   The petitioners are Clarence H. Broley and George Kirk.

Said cause in the Superior Court is entitled, "No. 37601,— Robert S. Emerson Tr. *vs*. Broley & Kirk."   It is an action on book account and on the common counts brought by Robert S. Emerson, as Trustee in Bankruptcy of the Cataract Rubber Company, a corporation, against said Clarence H. Broley and George Kirk, both of North Providence, described in the writ in said cause as "formerly co-partners as Broley & Kirk."

The petition in bankruptcy was filed against the said corporation on October 23, 1914; and said corporation was adjudged a bankrupt on November 7, 1914.   Mr. Emerson was a little later appointed trustee.   He commenced said action by writ dated November 22, 1915.

The said Cataract Rubber Company dealt at wholesale in automobile tires.   In the course of said business, it consigned certain tires to Broley & Kirk for them to sell at retail.

Said action was brought for an alleged unpaid balance for tires thus consigned.   Said Broley and Kirk were engaged as co-partners in a garage and retail automobile tire business in the city of Providence, at first under the name "Broley & Kirk," and later under the name "Cataract Tire & Garage Co.".

The plea in said cause was the general issue; but a stipulation was entered into between counsel that the defendants could make under said general issue any valid defense with the same effect as if such defense had been specially pleaded.

After said cause was ready for trial, the same was, by agreement, submitted to Henry M. Boss, Esq., as auditor, who thereafter heard the parties at various times, and finally on August 20, 1918, filed his report.   Said report

quite fully reviewed the accounts and the dealings involved in said cause and at the end found that the sum of $1,857.97 was due from the defendants to the plaintiff.

The defendants, in due course, filed seven exceptions to said auditor's report, the first five of said exceptions, in varying form, relating to the auditor's particular ruling of law which, together with the judge's decision confirming the same, the petitioners are now seeking to have reviewed before this court by proceedings under a writ of *certiorari*.

Later the defendants' said exceptions were heard in said Superior Court by Mr. Justice BARROWS who, in a rescript and decision handed down on February 21, 1919, confirmed the auditor's aforesaid ruling of law, overruled all the exceptions and confirmed said auditor's report.

The petitioners thereafter on February 27, 1919 filed this petition for a writ of *certiorari* to bring up the record for the purpose of reviewing the decision of the Superior Court justice in the matters above set forth, particularly the ruling which confirmed the ruling of the auditor disallowing a certain item of set-off to the plaintiff's account and claim which the petitioners claim to have been an error in law.

The case was heard in this court May 8, 1919, upon citation to the Superior Court, the respondent, to show cause why a writ of *certiorari* should not issue; at that time, by agreement of counsel, the case was heard solely upon the question whether *certiorari* was appropriate for such a review, which involves the question whether this court will undertake to review the decision of the Superior Court in a case of this character; all questions of law, as to the validity of the rulings sought to be reviewed, being reserved for future argument, in case this court should find that this procedure is open to the petitioners.

Chapter 293 of the General Laws of R. I. (1909) entitled "Of Referees, Auditors, and Masters in Chancery," under which this submission to an auditor was had, after providing in Section 10 that in a case at issue in the Superior Court, "in any way involving accounts, the court, *of its own motion*,

*or on application of either party* in a proper case, may appoint one or more auditors" etc., and in Sections 10–16 providing for details of procedure by and before auditors, then continues as follows:

"Sec. 17. The court, upon the reception of the report, if no cause be shown against the allowance of the same, shall render a decision thereon which shall be final, unless within two days thereafter the plaintiff or defendant shall, in writing, file with the clerk of the court in which said cause is pending a demand for jury trial, if the same has not been waived.

"Sec. 18. Every reference to referees or auditors under the provisions of this chapter, when made by agreement of all the parties, shall be deemed a waiver of any claim for jury trial."

Under these sections the respondent contends that, as an auditor was appointed by the parties in the present cause by agreement, there was in consequence a waiver of any claim for jury trial, and that, a jury trial having been waived, the finding of Mr. Justice BARROWS which confirmed the report of the auditor is final, and not subject to review by this court in this proceeding; and further contends that this court has no jurisdiction to review the decision of the judge in such a case; and cites in support of that contention the cases of *Blanding* v. *Sayles*, 21 R. I. 211; *Blanding* v. *Sayles,* 23 R. I. 226, and *Doane* v. *Simmons*, 31 R. I. 530.

The case of *Blanding* v. *Sayles* was before the Appellate Division of the Supreme Court in several phases on petitions for new trial as reported in 21 R. I. 211, 21 R. I. 512, 23 R. I. 226; the case was substantially like the case of *Emerson, Trustee* v. *Broley & Kirk,* here involved, in that there had been a voluntary agreement by the parties to submit the case to an auditor, the auditor had acted and made his report, and the same was confirmed by a judge of the Common Pleas Division.

The case reported in 23 R. I. 226, after reargument of the questions involved in the case as previously reported, deals with the question of the jurisdiction of the Common Pleas

Division in cases of this character under the statute then in force which is essentially the same as that above quoted; the opinion cites numerous cases relating to statutes in other states and in England where it is provided that in certain cases relating to certain matters the decision or judgment of an inferior tribunal or officer shall be "final", and wherein it was held that such decisions or judgments could not be reviewed by an appellate court on appeal, writ of error, exceptions or *certiorari*, because the jurisdiction conferred by law upon the inferior tribunal or officer was exclusive. (See 23 R. I. 229–233). The gist of this decision (*Blanding* v. *Sayles*, 23 R. I. 226) so far as it touches the particular question involved in the case at bar is to be found on pp. 236–237, as follows: "This case is one on a peculiar footing, put there by the voluntary agreement of parties, wherein the Common Pleas Division having upon the express agreement of the parties referred it to an auditor, the duty is devolved upon that Division that it, in the words of the statute, 'upon the reception of the report, if no legal cause be shown against the allowance of the same, shall render such decision thereon as to right and justice shall appertain; such decision to be final, unless within two days thereafter the plaintiff shall, in writing, file with the clerk of the court in which said cause is pending, a demand for jury trial, if the same has not been waived." As jury trial had been waived the decision of that Division is to be final.

"The final disposition of the case depends, not upon a decision of the Common Pleas Division that shall, or may, be sustained by the Appellate Division on appeal or review, but upon such a decision of the Common Pleas Division as to right and justice shall appertain in its opinion, and such a decision is to be final.

"When that Division has arrived at such a decision in its own opinion, it will enter judgment and cause an execution to be issued to enforce the same, without reference to or interference by this Division. If it renders any decision that under Gen. Laws, cap. 246, § 2, or under any other

provision of the statute, it thinks it can recall, its opinion, and not ours, is the one to prevail in this case.   In brief, the Common Pleas Division having exclusive jurisdiction in this case, as we think it has, the Appellate Division has no power in or control over it, and though the Common Pleas Division may make error after error in our opinion, it matters not, for error depends upon the standard of judgment erected, and in this case the legislature upon the agreement of parties has made the opinion of the Common Pleas Division the standard of judgment.   There seems nothing strange to us in this, for the justices of the Common Pleas Division are members of the Supreme Court like ourselves, the only difference being that the chief justice has delegated them to hold court in the Common Pleas Division for the time being, and this peculiar tribunal could not have been imposed upon the parties but by their own agreement.''

The above cases were decided before the creation of the present Supreme Court under the provisions of Article XII of Amendments to the Constitution of Rhode Island.   After the passage of that amendment and of the Court and Practice Act, under which the Supreme and Superior Courts were organized, the case of *Doane* v. *Simmons*, 31 R. I. 530, was decided.   That case was of a similar character to the case of *Blanding* v. *Sayles*, *supra*, and to the case of *Emerson Trustee* v. *Broley & Kirk*, here under discussion, in the matter of the voluntary agreement to appoint an auditor and to refer the case to him, the reference to an auditor, his report and the confirmation of his report by a judge of the Superior Court.   To this decision the defendants attempted to except, and this court, on plaintiff's motion to dismiss the defendant's bill of exceptions, dismissed the same on the same grounds substantially as above set forth in *Blanding* v. *Sayles*, *supra*, viz.:   on the ground that the decision of the case by the Superior Court was final and conclusive and could not be reviewed by this court on exceptions.

After setting forth the travel of the case and showing that the parties, having originally the right to claim a jury trial

and to take exceptions, might by their voluntary acts waive those rights, and had done so, the court, after quoting the statute, says on p. 533: "It thus appears that the *only* way to avoid the finality of the decision of the Superior Court rendered upon an auditor's report is to file a written demand for jury trial within two days thereafter. But it also appears that this can not be done where jury trial has been waived. The same statute further provides: 'Sec. 423. Every reference to referees or auditors under the provisions of this chapter, when made by agreement of all the parties, shall be deemed a waiver of any claim for jury trial.' This is notice to all parties to a suit that if they so desire they may agree to refer the case to referees or auditors, and by so doing make the decision of the Superior Court upon the report final and conclusive in the matter. It is a warning to parties not to agree unless willing to incur the consequences of such agreement. So parties entering into an agreement of this kind can fairly be said to have intentionally relinquished certain known rights, viz., the right to claim a jury trial, and the right to take exceptions to the rulings of the Superior Court. It is not for us to say that a claim for jury trial after decision upon an auditor's report is an inappropriate or inconvenient method of procedure; that is a legislative question and not a judicial one. A demand for jury trial is the way provided by the legislature to bring in question the decision of the Superior Court upon the report of an auditor. As the parties have seen fit, by their own voluntary agreement, to permanently close against themselves the only avenue of escape from the decision of the Superior Court, they have no just cause for complaint. They selected and elected their own ultimate tribunal and must abide by the result. See *Blanding* v. *Sayles,* 21 R. I. 211 and 23 R. I. 226."

Although the case of *Blanding* v. *Sayles, supra,* denied the rights of parties to move for a new trial and the case of *Doane* v. *Simmons, supra,* denied the right to a review based upon a bill of exceptions, the reasoning in both cases

is so broad as to include the denial of any right of review by any means, because in cases of this character the jurisdiction of the Superior Court is exclusive and the decision is final and conclusive.

We hold therefore under the authority of these cases, that this court has no power to review the decision of the Superior Court in *Emerson, Trustee,* v. *Broley & Kirk,* and that the petition for a writ of *certiorari* must be denied.

It may be said in conclusion that the primary office of a writ of *certiorari,* unless enlarged by statute, "is to review the action of an inferior tribunal taken without jurisdiction, or in excess of the jurisdiction given to it; and such writ ordinarily does not lie to correct error in the exercise of jurisdiction." See *Cohen* v. *Superior Court,* 39 R. I. 272, 275. Since it is shown by the cases cited that the matter involved in the case of *Emerson, Trustee,* v. *Broley & Kirk,* and the decision thereof was within the exclusive jurisdiction of the Superior Court, and that its decision was final and conclusive, it would be a novel and unwarranted use of the writ of *certiorari* to allow its issue for the purposes set forth in the petition.

Petition denied. Papers in the case of *Emerson, Trustee,* v. *Broley & Kirk* to be sent back to the Superior Court, sitting in Providence County.

*Cushing, Carroll & McCartin,* for petitioner.
*Huddy, Emerson & Moulton,* for respondent.